## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| ABBY SLAKOFF | : | Jury Trial Demanded |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Civil Action No. 22-5140 |
| CORIZON HEALTH, INC.; | : | |
| CORIZON, INC,; | : | |
| CORIZON, LLC; | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

Plaintiff, Abby Slakoff, by and through undersigned counsel hereby files this Civil

Action Complaint against Defendants, CORIZON HEALTH, INC.; CORIZON, INC.;

CORIZON (collectively "Defendants") and upon information and belief avers the following

### PARTIES

1.      Plaintiff, Abby Slakoff ("Ms. Slakoff" or "Plaintiff") is an adult individual who

resides in the Commonwealth of Pennsylvania with an address for purposes of correspondences

at 505 South 42nd Street, Apartment 2-F, Philadelphia, PA  19104.

2.      Defendant, CORIZON HEALTH, INC., is a business organization which is

licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices

for the purposes of correspondence at 8001 State Road, Mod-2, Philadelphia, PA 19136.

3.      Defendant, CORIZON, INC, is a business organization which is licensed to and

regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes

of correspondence at 8001 State Road, Mod-2, Philadelphia, PA 19136.

4.     Defendant, CORIZON, LLC, is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 8001 State Road, Mod-2, Philadelphia, PA 19136.

5.     At all times relevant to this Civil, Plaintiff's employer and employed at least 50 PLUS employees.

6.     At all times relevant to this Civil, Plaintiff, Abby Slakoff worked in Philadelphia, in the Commonwealth of Pennsylvania such that Defendants were required to consider Plaintiff, Abby Slakoff's rights under the Philadelphia Fair Practices Ordinance and the Pennsylvania Human Relations Act.

7.     At all times relevant to this Civil, Defendants, Lisa Fauntleroy and Brandon De Julius and Shantay Simpkins, specifically violated Plaintiff, Abby Slakoff's rights under the Philadelphia Fair Practices Ordinance and the Pennsylvania Human Relations Act, in addition to Title VII of the Civil Rights Act of 1964.

## NATURE OF THE CASE

8.     Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20003-17 (amended in 1972, 1978, by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); Title 43 PS Labor § 955, the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRC"), under the laws of the Commonwealth of Pennsylvania; and seeks damages to redress injuries Plaintiff suffered as a result of Defendants' discrimination, harassment, retaliation and the hostile work environment which ultimately led to Plaintiff's unlawful termination from her employment for Defendants. Accordingly, Plaintiff brings this Civil Action to redress injuries Plaintiff suffered as a direct

result of violations of federal laws, the laws of the Commonwealth of Pennsylvania and seeks damages to redress injuries Plaintiff suffered as a result of being discriminated against on the basis of her sex and gender, sexually harassed, threatened with sexual misconduct, subjected to a hostile and abusive work environment, and retaliated against by her employer for reporting such discrimination and harassment

## JURISDICTION AND VENUE

9.      This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964.  The honorable Court also has supplemental jurisdiction over the Commonwealth Law Causes of Action.

10.      Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in the Montgomery County in the Commonwealth of Pennsylvania where the discrimination, harassment and hostile work environment complained of occurred.

11.      On or around May 2021, Plaintiff, Abby Slakoff filed a Charge of  Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.

12.       Plaintiff's Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations ("PCHR").

13.      Plaintiff's rights under the Pennsylvania Human Relations Commission will be ripe for suite one year after Plaintiff's Charge of Discrimination was dual filed at the PHRC. Plaintiff will amend her complaint to add counts under the PHRA and the Philadelphia Fair Practices Ordinance ("PFPO") after the one-year mark, when Plaintiff's rights under the Commonwealth and City laws are ripe for suit.

14.     On or about September 25, 2022, the EEOC issued and sent a Dismissal and Notice of Rights to Plaintiff which set forth the requirement that Plaintiff file a civil action within ninety (90) days of the Dismissal and Notice of Rights.

15.     This action is hereby commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights which is dated and was sent September 25, 2022.

## **MATERIAL FACTS**

16.     Plaintiff, Abby Slakoff began her employment for Defendants in March, 2021 and continued her employment for Defendants until Plaintiff, Abby Slakoff was unlawfully terminated from her employment.

17.     At all times relevant to this Civil, Plaintiff, Abby Slakoff was an employee of Defendants and held the position of Medical Assistant.

18.     Plaintiff, Abby Slakoff worked in Defendants' Philadelphia offices located in Philadelphia.

19.     Plaintiff, Abby Slakoff worked with Shantay Simpkins assisting with patients who visited Defendants' Philadelphia offices.

20.     Sometime around April 2021, Lisa Fauntleroy (who will be named as an individual Defendants for aiding and abetting under both Commonwealth and City laws), the highest ranked employee who had the ultimate decision-making authority to hire, fire, discipline, and make any other decisions related to the terms and conditions of Plaintiff, Abby Slakoff's employment, began to subject Plaintiff, Abby Slakoff to severe and pervasive harassment.

21.     Defendant, Shantay Simpkins (who will be named as an individual Defendants for aiding and abetting under both Commonwealth and City laws), subjected Plaintiff, Abby Slakoff to severe and pervasive harassment during patient visits in April 2021.

22.    Defendant, Brandon DeJulius (who will be named as an individual Defendants for aiding and abetting under both Commonwealth and City laws), the highest ranked employee who had the ultimate decision-making authority to hire, fire, discipline, and any other decisions related to the terms and conditions of Plaintiff, Abby Slakoff's employment, began to subject Plaintiff, Abby Slakoff to severe and pervasive harassment.

23.    Defendant, Lisa Fauntleroy, began to subject Plaintiff, Abby Slakoff to comments including questions and sends Plaintiff to alternative special detention.

24.    Plaintiff, Abby Slakoff was scared and mortified.

25.    Plaintiff, Abby Slakoff was visibly shaken, highly upset, and began crying when Plaintiff went to bathroom.

26.    One of Plaintiff, Abby Slakoff's coworkers, who also worked for Defendants, "I was in your shoes yesterday out here crying myself".

27.    Plaintiff, Abby Slakoff was frightened by, Defendant, Shantay Simpkins ."

28.    Plaintiff, Abby Slakoff opposed and reported to Defendant, Brandon De Julius that she has been subjected to severe and pervasive.

29.    From March 2021 through May 2021, Defendant, Shantay Simpkins subjected Plaintiff, Abby Slakoff to severe and pervasive harassment that included instances of unwelcome physical contact.

30.    The harassment to which Plaintiff, Abby Slakoff, was subjected was severe and pervasive.

31.    Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

**COUNT I**
**DISCRIMINATION UNDER TITLE VII**
**HOSTILE WORK ENVIRONMENT AND DISPARATE TREATMENT**
**(all corporate Defendants only)**

32.     Plaintiff, Abby Slakoff, hereby incorporates all allegations contained in preceding Paragraphs as fully as if they were set forth at length.

33.     This claim is authorized and instituted pursuant to the provisions of Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, and/or national origin.

34.     SEC. 2000e-2 *[Section 703]* states as follows:
(a)  Employer practices
It shall be an unlawful employment practice for an employer –
(1)  to fail or refuse to hire or to discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2)  to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

35.     Defendants engages in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et. seq.*, by discriminating against Plaintiff because of her sex and gender.

36.     Plaintiff, Abby Slakoff was subjected to harassment which was severe and pervasive.

37.     Plaintiff claims that she was subjected to a hostile work environment based upon the severe and pervasive discrimination and harassment in the workplace.

38.     Plaintiff was also terminated from her employment based upon Plaintiff's sex and

gender.

39.     Defendants engaged in several acts of discrimination and harassment that were so severe that a single act was sufficient to create a hostile work environment.

40.     Defendants also engaged on ongoing, continuous, daily abuse which was so pervasive as to create a hostile work environment.

## COUNT II
## RETALIATION UNDER TITLE VII
### (against corporate Defendants only)

41.     Plaintiff, Abby Slakoff, hereby incorporates all allegations contained in paragraphs one (1) through forty-four (43) as fully as if they were set forth at length.

42.     Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to…discriminate against any of his[her] employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a civil, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

43.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et. seq.* by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of his employment because of her opposition to and reporting of the unlawful employment practices of Defendants.

44.     Plaintiff continued to oppose the severe and pervasive discrimination and harassment in the workplace and even submitted a written statement to report the discrimination and harassment in the workplace.

45.     Defendants refused to investigate Plaintiff's reports of discrimination and harassment in the workplace.

46.     Defendants refused to initiate prompt corrective actions.

47.     Accordingly, Defendants permitted, sanctioned, condoned, and allowed the discrimination and harassment to continue.

48.     Any corrective action taken by Defendants was not enforced and Plaintiff was subjected to a campaign of severe and pervasive retaliation which also created a hostile work environment.

## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

By:     /s/ Seth D. Carson
        Seth D. Carson, Esquire
        1835 Market Street, Suite 2950
        Philadelphia, Pennsylvania 19103
        Phone: 215.391.4790
        Email: seth@dereksmithlaw.com

DATED: December 24, 2022